```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

EAST COAST TRANSPORT &          :
LOGISTICS, LLC,                 :
                                :
        Plaintiff,              :   HONORABLE JOSEPH E. IRENAS
                                :   CIVIL ACTION NO. 07-1492
    v.                          :
                                :            **OPINION**
CESAR TRANSPORT, INC.;          :
INSURANCE CENTER OF             :
DADE, INC.; UNDERWRITERS        :
AT LLOYDS LONDON;               :
PENOBSCOT GROUP, LLC;           :
EASTERN TRUCKING, INC.;         :
and CESAR J. PEDRERA;           :
                                :
        Defendants.             :


**APPEARANCES:**

THOMAS F.X. FOLEY, ESQ.
P.O. Box 10
Spring Lake, NJ 07762
        Counsel for Plaintiff

RONALD HOROWITZ, ESQ.
14 Tindall Road
Middletown, NJ 07748
        Counsel for Defendants Cesar Transport, Inc.; Eastern
        Trucking, Inc., and Cesar J. Pedrera


**IRENAS**, SENIOR DISTRICT JUDGE:

   Before the Court are: 1) Defendant Cesar Transport, Inc.'s ("Cesar Transport") Motion to Vacate Default Judgment; and 2) the Motion to Extend Time to file responsive pleading by Eastern Trucking, Inc. ("Eastern Trucking") and Cesar J. Pedrera.[1]  For

---

[1] Cesar Transport, Eastern Trucking, and Mr. Pedrera are all represented by the same counsel.  Both motions were filed in one document and docketed as one motion.

the reasons stated herein, both motions will be granted.

**I.**

This suit arises out of the hijacking of a freight truck and the theft of its cargo.  Joy Systems, Inc. ("Joy"), contracted with Plaintiff, East Coast Transport & Logistics, LLC ("ECT"), to arrange for the transportation of electronic equipment[2] from Joy's New Jersey facility to Joy's facility in Miami, Florida.  ECT does not transport any freight itself.  Rather, ECT is licensed by the Federal Motor Carrier Safety Administration ("FMCSA") to act as a broker, making arrangements between "shipper-customers" like Joy, and motor carriers who have "common or contract authority" from the FMCSA to transport freight.  (Amend. Compl. at ¶ 1).

In this case, ECT arranged for Cesar Transport, located in Miami, to transport the freight.  ECT required proof of Cesar Transport's cargo insurance coverage, which ECT alleges Defendant Insurance Center of Dade, Inc. ("Insurance Center")[3] provided to it.  Specifically, the Amended Complaint alleges that Insurance Center provided ECT with a "Certificate of Liability Insurance

---

[2] Specifically, the Bill of Lading indicates that the cargo included computer monitors, laptops, and power cords. (Amend. Compl. Ex. A).

[3] Insurance Center was properly served with the original complaint in state court.  However, it did not join Penobscot Group LLC's notice of removal (see infra p. 4) and no attorney has ever entered an appearance on its behalf in this Court.

form as required by the FMCSA," and that the certificate showed that Cesar had $100,000.00 of cargo insurance coverage. (Amend. Compl. at ¶ 16). ECT claims that the certificate was fraudulent.

Cesar Transport leased a truck from Euschial Solis. Mr. Solis drove the truck that carried Joy's cargo. On May 24, 2006, the cargo was stolen while in transit from New Jersey to Florida.[4] Cesar Transport promptly filed a claim with its insurance company, Defendant Underwriters At Lloyds London ("Lloyds").[5] However, under the terms of Cesar Transport's insurance policy, Cesar was only covered up to $20,000.00 for losses due to theft. (Ex. E to Amend. Compl.).

ECT paid Joy $65,818.00, the alleged value of the cargo. ECT then demanded that Cesar Transport pay ECT $65,818.00, but Cesar Transport allegedly refused. Cesar Transport claims ECT owes it $12,315.00 for unrelated freight transportation services rendered between July and October 2006.[6]

In February or March, 2007, ECT filed a complaint in New Jersey Superior Court against Cesar Transport, Insurance Center, Canal Insurance Company, and Penobscot, seeking a judgment in the

---

[4] Cesar Transport states, without elaboration, that "Mr. Solis may have been involved with the theft." (Cesar's Br. at 2).

[5] Defendant Penobscot Group, Inc. is Lloyds' agent/adjuster.

[6] It seems that some animosity has developed between ECT and Cesar Transport/Eastern Trucking/Pedrera over who owes what money to whom. Apparently Cesar Transport posted a message on an internet database for freight transportation stating that ECT owes more than $12,000 for unpaid invoices. According to Pedrera's Certification, until this internet posting, ECT had indicated that it would consent to vacating the default judgment.

amount of $65,818.00.  Penobscot removed the case to this Court.[7]

ECT amended the complaint on June 26, 2007, asserting various counts against Cesar Transport, Insurance Center, Lloyds, Penobscot, Eastern Trucking, and Cesar J. Predrera.[8]  ECT seeks the alleged value of the stolen cargo ($65,818.00), compensatory and punitive damages.[9]  In addition to its claim that Cesar Transport refuses to pay for the stolen cargo, ECT asserts that Defendant Pedrera created Eastern Trucking with the intent to defraud ECT and steal $65,818.00.

Lloyds and Penobscot settled with ECT for $20,000.00 on July

---

[7] On the same day Penobscot removed the case, it filed an Answer and cross-claims for indemnification and contribution against Cesar Transport, Insurance Center, and Canal Insurance.  However, as explained *infra*, the complaint was subsequently amended and then Penobscot settled without filing an Answer to the Amended Complaint.  Accordingly, Cesar Transport and Insurance Center are no longer cross-claim defendants. Not only is Canal Insurance no longer a cross-claim defendant, it is no longer a party to this suit, as it is not named as a defendant in the Amended Complaint.  The Court will issue an appropriate order dismissing the cross-claims.

[8] The Amended Complaint alleged that Eastern Trucking, has "acquired the assets of defendant Cesar [Transport], the latter having ceased business as a result of the claims asserted by plaintiff herein." (Amend. Compl. ¶ 6) The Amended Complaint further alleges that Defendant Cesar J. Pedrera "controlled the operations of defendants Cesar [Transport] and Eastern Trucking."  (Amend. Compl. ¶ 7)

[9] This Court has diversity jurisdiction over this case, as there is complete diversity of citizenship and the amount in controversy is likely more than $75,000. 28 U.S.C. § 1332. (Punitive damages are included in calculating the jurisdictional amount. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 241 (1943).)
   The Notice of Removal also asserts that there is federal question jurisdiction based on the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706.  However, it is unclear whether federal question jurisdiction exists.  Plaintiff does not explicitly plead a cause of action arising under the Carmack Amendment.  Under the well-pleaded complaint rule, preemption of Plaintiff's claims would not necessarily provide the basis for federal question jurisdiction.  As a general rule, a federal defense is insufficient to support federal question jurisdiction. *Bracken v. Matgouranis*, 296 F.3d 160, 163 (3d Cir. 2002). However, given that diversity jurisdiction exists, the Court need not resolve the question.

16, 2007.  Approximately a month later, on August 24, 2007, the Clerk of Court entered Default Judgment against Cesar Transport and Insurance Center for the amount of $45,818.00.  Cesar Transport now moves to vacate the default judgment.[10]

### II.

Fed. R. Civ. P. 60(b) states: "On motion and just terms, the court may relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect."  In exercising its discretion to vacate a default judgment, the trial court must consider: "(1) whether the plaintiff will be prejudiced if the default is lifted; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." *Zawadski De Bueno v. Bueno Castro*, 822 F.2d 416, 419-20 (3d Cir. 1987).  The Third Circuit "does not favor default judgments and in a close case, doubts should be resolved in favor of setting aside the default and reaching the merits."  *Id.* at 420.

### III.

---

[10] After Cesar Transport filed the instant motion, ECT agreed to vacate the default judgment as to damages only.  Accordingly, the Court need only address whether to vacate the default judgment as to Cesar Transport's liability.

5

A.

Cesar Transport asserts that this Court should find that the entry of default judgment was a result of excusable neglect. Cesar Transport explains that it believed that its insurance company was handling the case and had settled the matter. Specifically, Defendant Pedrera certifies that,

> Until very recently, I was under the distinct impression that Cesar's insurance carrier was not only investigating this matter, but also protecting our interests in this case.  In March, 2007, Cesar received the [state court complaint].  The complaint was sent to Cesar's insurance agent.

(Pedrera Cert. ¶¶ 7-8).  Pedrera also certifies that Cesar Transport received a copy of the settlement and release between Lloyds/Penobscot and ECT (see Pedrera Cert. Ex. E), and mistakenly concluded that the case against Cesar Transport had been settled.

Indeed, according to Pedrera, he was not aware that the case had been removed to federal court until he received notice of the default judgment.  At that time, he says he realized his mistake and "immediately sought the assistance of an attorney."  (Pedrera Cert. ¶ 10).

In opposition, ECT argues that Cesar Transport has no meritorious defense because the Carmack Amendment clearly places liability on connecting carriers such as Cesar Transport for losses sustained while freight is being transported.  However, Cesar Transport disputes that it is a "connecting carrier."

According to Cesar Transport, it was "at most, a freight forwarder, acting as agent for the plaintiff in the procurement of the freight transportation services." (Cesar's Reply Br. at 2).[11] Cesar Transport asserts that questions of fact exist as to its function with regard to the cargo in this case, and that its liability depends on a determination of what it actually did.

The Court concludes that Cesar Transport has sufficiently carried its burden of presenting a potentially meritorious defense at this stage of the litigation. The Court also concludes that Cesar Transport's conduct in failing to respond to the Complaint and the Amended Complaint did not result from bad faith or intentional neglect. Lastly, ECT will not be prejudiced by setting aside the default judgment and litigating this case on the merits. Indeed, in opposing the motion, ECT has not asserted that prejudice will result.

Accordingly, the Court will grant Cesar Transport's Motion to Vacate the Default Judgment.

B.

ECT has agreed to extend the time for Eastern Trucking and Pedrera to file a responsive pleading to the Amended Complaint.

---

[11] *See generally, Chicago, Milwaukee, St. Paul & Pacific R.R. Co. v. Acme Fast Freight, Inc.,* 336 U.S. 465 (1949) (discussing different types of freight forwarders and their corresponding liability).

The Court will enter an appropriate order.

**IV.**

For the foregoing reasons, the Court will grant Cesar Transport's Motion to Vacate Default Judgment; and grant the Motion to Extend Time by Eastern Trucking and Pedrera. An appropriate order will be issued.

Dated: March 17, 2008

                                           s/ Joseph E. Irenas
                                        **Joseph E. Irenas, S.U.S.D.J.**